IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS PROCOPPIO & | : | CIVIL ACTION |
| RONALD MAURAIS | : | |
| | : | |
| v. | : | |
| | : | |
| FOREMOST INSURANCE CO. | : | NO. 20-5184 |

**MEMORANDUM**

**Padova, J.**                                                                                   **April 22, 2021**

Plaintiffs have brought this action against their insurance carrier, Foremost Insurance Company ("Foremost"), alleging that Foremost breached their insurance policy and acted in bad faith by denying Plaintiffs' claim for damage to the foundation and building structure of their property. Foremost moves to dismiss Plaintiffs' bad faith claim (Count II) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons that follow, we deny Foremost's Motion.

**I.     BACKGROUND**

The Complaint alleges the following facts. Foremost issued Plaintiffs Thomas Procoppio and Ronald Maurais an insurance policy (the "Policy"), which covered their property in Philadelphia, Pennsylvania (the "property"). (Comp. ¶ 3.) On August 2, 2019, while the Policy was in effect, the property was damaged. (Id. ¶ 4.) After Plaintiffs notified Foremost of the loss, Foremost retained GLP Construction Management, Inc. ("GLP") to inspect the property, determine what repairs would be required, and calculate the amount of the loss. (Id. ¶¶ 5-6.) GLP determined that the foundation and structure of the property had been damaged, but it did not calculate the amount of the loss because Foremost needed to first determine "the extent of the corrective work conducted at or related to [a] neighboring property.'" (Id. ¶¶ 7-8.) However, Foremost "never made that determination and has instead simply refused to pay for any of the

known damages to Plaintiffs' foundation or building structure." (Id. ¶ 9.) Plaintiffs eventually retained an insurance adjuster that estimated the cost of repair of the property to be $211,223.73. (Compl., Ex. B at 15 of 59).

## II.   LEGAL STANDARD

In reviewing a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), we "'consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.'" Alpizar-Fallas v. Favero, 908 F.3d 910, 914 (3d Cir. 2018) (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Id. (citing West Penn Allegheny Health Sys. Inc. v. UPMC, 627 F.3d 85, 91 (3d Cir. 2010)). However, we are not required to accept "'legal conclusion[s] couched as . . . factual allegation[s]'" as true. Wood v. Moss, 572 U.S. 744, 755 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

The complaint must set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), that gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Moreover, the complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). Ultimately, we must deny a motion to dismiss brought

pursuant to Rule 12(b)(6) if the factual allegations in the complaint are sufficient "'to raise a right to relief above the speculative level.'" W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555) (additional citations omitted).

### III. DISCUSSION

A complaint asserting a bad faith claim pursuant to 42 Pa. Cons. Stat. Ann. § 8371 must plausibly allege the following: "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis." Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997) (citing Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (1994)). "Implicit in section 8371 is the requirement that the insurer properly investigate claims prior to refusing to pay the proceeds of the policy to its insured." Rancosky v. Washington Nat. Ins. Co., 130 A.3d 79, 94 (Pa. Super. Ct. 2015), aff'd, 170 A.3d 364 (Pa. 2017) (citing Bombar v. W. Am. Ins. Co., 932 A.2d 78, 92 (Pa. Super. Ct. 2007)). Therefore, "bad faith conduct includes lack of good faith investigation into the facts." Id. (citing Condio v. Erie Ins. Exch., 899 A.2d 1136, 1142 (Pa. Super. Ct. 2006)) (additional citations omitted). Foremost contends that Plaintiffs' bad faith claim should be dismissed because the Complaint contains only conclusory allegations and merely reflects a normal dispute between an insured and insurer regarding the amount of damages owed under a policy. See Smith v. State Farm Mutual Automobile Ins. Co., 506 F. App'x 133, 136-37 (3d Cir. 2012) (affirming dismissal of bad faith claim where the complaint consisted of conclusory statements, some of which contradicted the exhibits attached to the complaint, and noting that the "the failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith"); see also Shetayh v. State Farm Fire & Cas. Co., Civ. A. No. 20-693, 2020 WL 1074709, at *2-3 (E.D. Pa.

3

Mar. 6, 2020) (dismissing bad faith claim where the allegations in the complaint were "devoid of factual specificity and contain[ed] only conclusory allegations"); MBMJ Properties, LLC v. Millville Mut. Ins. Co., Civ. A. No. 18-5071, 2019 WL 1651667, at *5-6 (E.D. Pa. Apr. 17, 2019) (granting a motion to dismiss a bad faith claim where the complaint failed to allege facts regarding "the timing of the alleged investigation[,] . . . the methods and procedures").

Here, the Complaint alleges that Foremost acted in bad faith by failing to investigate in good faith and disregarding its own expert's determination that the structure and foundation of the property were damaged. Specifically, the Complaint alleges that Foremost acted in bad faith because it retained GLP to investigate the damage to Plaintiffs' property, disregarded GLP's assessment of the damage to Plaintiffs' property, failed to determine the extent of the corrective work conducted at the neighboring property, refused to investigate the loss to determine what it would cost to repair the foundation and building structure of Plaintiffs' property, failed to ascertain the amount of the loss, and failed to pay Plaintiffs for the damage to the exterior, foundation, and building structure of their property. (See Compl. ¶¶ 6-9, 20.) Accepting these allegations as true and drawing all reasonable inferences in favor of Plaintiffs, Alpizar-Fallas, 908 F.3d at 914 (citation omitted), we conclude that the Complaint contains sufficient facts to plausibly state a claim for bad faith stemming from Foremost's failure to properly investigate the damage to Plaintiffs' property prior to denying coverage.[1] See Warren Gen. Hosp., 643 F.3d at 84; see also

---

[1] Foremost contends that we should look beyond the Complaint in connection with our analysis and consider two letters it sent to Plaintiffs concerning its decision not to pay Plaintiffs' claim (the "Coverage Letters"). Foremost maintains that we may consider these letters in connection with the instant motion because they are "integral to or explicitly relied upon in the complaint." See Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004) (quotation omitted); see also Chong v. 7-Eleven, Inc., Civ. A. No. 18-1542, 2019 WL 1003135, at *4 (E.D. Pa. Feb. 28, 2019) ("When allegations contained in a complaint are contradicted by the document it cites, the document controls." (quotation omitted)). Foremost asserts that we may consider these letters because they are specifically mentioned in paragraph 20(f) of the Complaint, which states that

4

Rancosky, 130 A.3d at 94.  Accordingly, we deny Foremost's Motion to Dismiss Plaintiffs' bad faith claim in Count II.

IV.     **CONCLUSION**

For the foregoing reasons, we conclude that Plaintiffs' Complaint alleges sufficient facts to state a plausible claim for bad faith.  We therefore deny Foremost's Motion to Dismiss Count II.  An appropriate order follows.

BY THE COURT:

/s/ John R. Padova
John R. Padova, J.

---

Foremost sent Plaintiffs correspondence falsely representing that Plaintiffs' loss was not covered under the Policy.  (See Compl. ¶ 20(f).)  However, the Complaint's general reference to "correspondence" in paragraph 20(f) is insufficient to allow us to find that the Coverage Letters are "integral to or explicitly relied upon in the complaint."  C.f. Lum, 361 F.3d at 222 n.3.  Accordingly, we reject Foremost's contention that we should consider the Coverage Letters in connection with the instant Motion.